**Seda MOVSESYAN; et al., Petitioners,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71633.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Seda Movsesyan, Glendale, CA, pro se.

Armond Alexandryan, Glendale, CA, pro se.

Matevos Alexandryan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Seda Movsesyan, her husband, Matevos Alexandryan, and her son, Armond Alexandryan, are natives and citizens of Armenia. They petition pro se for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Movsesyan's testimony and application contained substantial inconsistencies that go to the heart of her asylum claim, including inconsistencies about the events leading up to her departure from Armenia, the number of times her husband was detained, and details surrounding her harassment by government officials. *See id.* at 1043. Because Movsesyan failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Mejia–Paiz v. INS,* 111 F.3d 720, 725 (9th Cir.1997).

Substantial evidence also supports the IJ's denial of Movsesyan's CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Finally, Movsesyan's due process challenge to the BIA's streamlining regulation

is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848–52 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.